### .C. B. HARDAMAN v. STATE OF FLORIDA

24 So. (2nd) 573                                        January Term, 1946
January 26, 1946                                            Division A

*G. A. Worley* and *Jack Kehoe,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant was charged by information with the crime of embezzlement of the property of Frank T. Budge Company the sum of $58.50 in cash, lawful money of the United States of America. On trial before jury he was convicted. From this judgment of conviction he has appealed to this Court and here presents one question for our consideration, which is as follows:

"Where one is charged in an information with the offense of embezzlement of funds of his employer and the proof shows the employer and owner of the converted funds to be a corporation, is it necessary to allege in the information the fact that the owner and employer is a corporation?"

In the brief appellant has cited numerous cases to sustain the contention presented by the question. It so happens, however, that all of the cases from this jurisdiction supporting

this contention were disposed of prior to the enactment of Chapter 19554, Acts of 1939, which is known as the Criminal Procedure Act. In that Act sub-section 3 of Section 114 which is now sub-section 3 of Section 906.08, Fla. Statutes 1941 (same F.S.A.) provides as follows:

"(3) It is sufficient for the purpose of describing a corporation to state the corporate name of such corporation, or any name or designation by which it has been or is known, or by which it may be identified, without an averment that the corporation is a corporation or that it was incorporated according to law."

We had under consideration in Blanco v. State, 150 Fla. 98, 7 So. (2nd) 333, this statutory provision together with our former decisions in this regard and in that case we held:

"It is our conclusion that these several decisions have been placed at rest by section 114 of Chapter 19554, Acts of 1939, Laws of Fla. (commonly referred to as the Criminal Code) and sub-sections 2 and 3 thereof."

And in that case we held that the information charging that the property involved was "the property of the Royal Theatre" was a sufficient allegation of ownership and that that allegation had been sufficiently proven.

On authority of the statute, supra, and the opinion and judgment in the case last cited, the judgment appealed from is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.